**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LINDA R. REITTINGER,

                                        Plaintiff,

              - v -                                    Civ. No. 1:05-CV-1487
                                                              (FJS/RFT)

VERIZON COMMUNICATIONS INC. and
METROPOLITAN LIFE INS. CO.,

                                        Defendants.

**APPEARANCES:**                      **OF COUNSEL:**

OFFICE OF CRAIG MEYERSON            CRAIG MEYERSON, ESQ.
Attorney for Plaintiff
Airport Park
17 British American Boulevard
Latham, New York 12210

HODGSON, RUSS LAW FIRM              CATHERINE GRANTIER COOLEY, ESQ.
Attorney for Defendants
One M&T Plaza
Suite 2000
Buffalo, New York 14203

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**MEMORANDUM-DECISION and ORDER**

     Because the parties do not seem to grasp the scope of the limited discovery in

Employment Retirement Income Security Act ("ERISA") cases, we begin this Memorandum-

Decision and Order with a discussion of the law.

**I.  STANDARD OF REVIEW**

     In reviewing benefit plan determinations made by administrators or fiduciaries under the

1

ERISA, a federal district court will apply one of two judicial standards of review: (1) a *de novo* standard or (2) an arbitrary and capricious standard.

In the first instance, a denial or termination of benefits challenged under ERISA receives a *de novo* review of all aspects, including factual issues, "in the absence of a clear reservation of discretion to the plan administrator" or fiduciary. *Kinstler v. First Reliance Stand Life Ins. Co.*, 181 F.3d 243, 245 (2d Cir. 1999). Where an employee "benefit plan gives the [plan] administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan[,]" an arbitrary and capricious standard will be applied. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

The Second Circuit has ruled that "[t]he plan administrator bears the burden of proving that the arbitrary and capricious standard of review applies" and held that "though . . . no one word or phrase must always be used to confer discretionary authority, the administrator's burden to demonstrate insulation from *de novo* review requires either language stating that the award of benefits is within the discretion of the plan administrator or language that is plainly the function equivalent[.]" *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d at 249 & 252. Under the arbitrary and capricious standard of review, a district court must review the administrative decision of a fiduciary or plan administrator "deferentially" and may only reverse the decision if there was an "abuse of discretion." *Miller v. United Welfare Fund*, 72 F.3d 1066, 1070 (2d Cir. 1995) (quoted in *Mitchell v. First Reliance Standard Life Ins. Co.*, 237 F.R.D. 50, 53 (S.D.N.Y. 2006)).

Since the "arbitrary and capricious standard of review is highly deferential to a plan administrator[,]" a denial of a claim challenged under ERISA will be considered arbitrary and capricious "[if] there has been a clear error of judgment," *Jordan v. Ret. Comm. of Rensselaer*

*Polytechnic Inst.*, 46 F.3d 1264, 1271 (2d Cir. 1995), "that is, if the decision was 'without reason, unsupported by substantial evidence or erroneous as a matter of law,'" *Miller v. United Welfare Fund*, 72 F.3d at 1072 (citations omitted); *Kinstler v. First Reliance Standard Life Ins. Co.,* 181 F.3d at 249 (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995)); *see also O'Shea v. First Manhattan Co. Thrift Plan & Trust*, 55 F.3d 109, 112 (2d Cir. 1995). Substantial evidence is "evidence that a reasonable mind might accept as adequate to support the conclusion reached by the [decision maker and] . . . requires more than a scintilla but less than a preponderance." *Miller v. United Welfare Fund*, 72 F.3d at 1072 (internal quotation marks and citation omitted) (alteration in original).

## II.  SCOPE OF REVIEW

When applying either a *de novo* or arbitrary and capricious standard, a district court is limited in the scope of its review, and thus, may only look to the administrative record (*i.e.*, the claim file) before the plan administrator or fiduciary when its decision was made regarding ERISA benefits. *See Nagele v. Elec. Data Sys. Corp.*, 193 F.R.D. 94, 101 (W.D.N.Y. 2000) ("[U]nder either the *de novo* or arbitrary and capricious review standards[,] a court is not permitted to consider evidence not presented to the plan administrator whose decision is subject to judicial review[.]"); *Miller v. United Welfare Fund*, 72 F.3d at 1071 (noting that "the district court's review under the arbitrary and capricious standard is limited to the administrative record"). However, the court may consider additional evidence outside the administrative record upon a finding of good cause. *See DeFelice v. Am. Int'l Life Assurance Co. of New York*, 112 F.3d 61, 66-67 (2d Cir. 1997); *see also Paese v. Hartford Life and Accident Ins. Co.*, 449 F.3d 435, 441 (2d Cir. 2006) (citing the holding in *DeFelice* for the proposition that even where the district court exercises *de novo* review of the plan

3

administrator's determination, the district court ought not to accept additional evidence absent good cause shown).

## A.  Good Cause Shown

The Second Circuit has found "good cause" to exist where there was a demonstrated conflict of interest and the procedures employed in arriving at the claim determination were flawed. *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 295 (2d Cir. 2004) (citing *DeFelice*, 112 F. 3d at 66 for the proposition that the court in *DeFelice* "based [its] holding not only on a demonstrated conflict of interest [in the administrative reviewing body], but also upon the procedural problems with the plan administrator's appeals process . . . [as] the appeals committee had no established criteria for determining an appeal and had a practice of destroying records within minutes after the hearing"); *see also Nagele v. Elec. Data Sys. Corp.*, 193 F.R.D. 94.  "Good cause" has also been found where an administrator's reason for denying a claim was not stated in its notices to claimants, *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d at 295 (citing *Juliano v. Health Maint. Org. of New Jersey, Inc.*, 221 F.3d 279, 289 (2d Cir. 2000)), and where an administrative record was incomplete, *Paese v. Hartford Life and Accident Ins. Co.*, 449 F.3d at 441 (stating that "good cause existed for the admission of the [physician's] report because it was highly probative and written by a disinterested party who had actually examined [the claimant], and because [the claimant] was not at fault for the report's initial absence from the record.").

The Second Circuit, however, has held that "good cause" did not exist where "an insurer gave the claimant 'ample time to submit additional materials' and had already discussed the claimant's case with the two treating physicians whose testimony was to be introduced" *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d at 295 (quoting *Muller v. First Unum Life Ins. Co.*, 341 F.3d at 125-126).

Further, this Circuit has ruled that a conflicted administrator or fiduciary does not *per se* constitute good cause shown and cautioned district courts "that a finding of a conflicted administrator alone should not be translated *necessarily* into a finding of good cause." *Id.* at 296 (emphasis in original).

## B. Discovery Outside of the Administrative Record

Consistent with a recognition that evidence outside the administrative record may be considered in a *de novo* or an arbitrary and capricious review upon good cause shown, federal district courts have permitted discovery in ERISA cases to assist the courts in determining whether the plan administrator's or fiduciary's "decision was based upon a consideration of the relevant factors and whether there has been a clear error of judgment."[1] *Jordan v. Ret. Comm. of Rensselaer Polytechnic Inst.*, 46 F.3d at 1271 (citation omitted); *see also, e.g., Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 174 (2d Cir. 2001) (finding that the district court would "not be confined to the administrative record" in determining whether the plan administrator's "decision to deny [the claimant's] coverage request was tinged by a conflict of interest"); *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 23 (1st Cir. 2003) (noting that "certain kinds of claims--e.g., proof of corruption--may in their nature or timing take a reviewing court to materials outside the administrative record"); *Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 638 (5th Cir.1992) ("[d]etermining whether the administrator

---

[1] The Second Circuit, in *Miller v. United Welfare Fund*, relied upon the deposition testimony of the plan administrator in affirming the district court's conclusion that the administrative decision was arbitrary and capricious because the trustees had failed to consider the factors relevant to the claim and their decision was not supported by substantial evidence. 72 F.3d at 1072. As explained by the court in *Nagele v. Electronic Data Systems Corp.*:

> [I]n *Miller*, the court approved, and relied upon, pretrial discovery in an ERISA case challenging the denial of benefits pursuant to a plan under the arbitrary and capricious standard to assist the court in evaluating (I) the exact nature of information considered by the fiduciary in making its decision, (ii) whether the fiduciary was competent to evaluate the information in the administrative record, (iii) how the fiduciary reached its decision, and (iv) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim.

193 F.R.D. at 103.

has given a uniform construction to a plan[,] . . . whether an interpretation results in unanticipated costs . . . [and] the factual background of the [administrator's] determination and any inferences of a lack of good faith, may . . . require the court to review evidence that was not presented to the administrator"); *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 982 (7th Cir. 1999) (acknowledging that some courts have allowed discovery to determine whether an administrator conducted a "genuine evaluation" of the record); *Buchanan v. Aetna Life Ins. Co.*, 2006 WL 1208069, at *3 (6th Cir. May 3, 2006) (review confined to the administrative record except where there is a "procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part").   Indeed, district courts have allowed discovery on issues such as the completeness or actual "parameters" of the administrative record, whether the administrator or fiduciary of the plan had a conflict of interest, and other issues relating to the procedures employed by a plan administrator or fiduciary to adjudicate a benefit claim. *Mitchell v. First Reliance Standard Life Ins. Co.*, 237 F.R.D. 50, 53 (S.D.N.Y. 2006) (citations omitted).[2]   "While it is possible that unbridled discovery could conceivably delay unreasonably the

---

[2] This Court cannot possibly describe at this juncture all of the reasonable inquires and justifications supporting discovery in ERISA cases, notwithstanding a *de novo* or more deferential review of the administrative record.  However the Court does refer the reader to the numerous examples, and corresponding rationales, of the benefit of discovery in these types of cases set forth in *Miller*, *DeFelice*, *Mitchell*, and *Nagele* particularly, and their progeny. The following is not meant to be an exhaustive list of the types of permissible inquires:  (1) the criteria of review by the administrator; (2) the composition of the panel and if a conflict of interest exists; (3) the medical records reviewed in determining eligibility; (4) the relationship between the plan administrator and employer; (5) the person most knowledgeable of the termination of plaintiff's benefits; (6) the factual basis for the defendant's decision regarding benefits; (7) any procedural irregularities; (8) the proper standard of review; (9) the competency of the fiduciary; (10) whether or not the fiduciary acted unreasonably; (11) the change in medical condition as a basis for denial; (12) the role of the insurer in the loss of benefits; (13) the completeness of the administrative record; (14) the competent and complete evaluation of medical records; (15) the compensation plans of the decision makers; (16) the identity of the plan's trustees; (17) who has ultimate authority to decide claim disputes under the plan; (18) consultation with medical sources; (19) the relationship between the administrator and the medical advisor; (20) inspection of the claim file; (21) the role of the fiduciary; and (22) the physician's report and testimony.  *See also Sheehan v. Metro. Life Ins. Co.*, 2002 WL 1424592 (S.D.N.Y. June 28, 2002); *Harris v. Donnelly*, 2000 WL 1838308 (S.D.N.Y. Dec. 12, 2000); *Miller v. First Unum Life Ins. Co.*, 90 F. Supp. 2d 204 (N.D.N.Y. 2000).  These permissible inquiries are not available on a mere

time required to complete judicial review in contravention of ERISA's goal of speedy adjudication,
. . . court[s] ha[ve] ample power[] . . . to balance a plaintiff's need for discovery against the
fiduciary's [or administrator's] interest in prompt closure of the dispute in keeping with ERISA's
overall policy." *Nagele v. Elec. Data Sys. Corp.*, 193 F.R.D. at 105 (citing FED. R. CIV. P. 16(a)(1)
& 16(b)(1)). "In many instances[,] it is likely that the issues regarding whether information upon
which the decision makers relied is accurately and completely reflected in the administrative record
can be ascertained through limited [discovery], thereby avoiding unduly burdening busy
administrators and facilitating expeditious judicial review.  Moreover, discovery unessential to
[p]laintiff's ability to effectively challenge the adverse ruling may be limited by the court for good
cause [shown]." *Id.* (citing FED. R. CIV. P. 26(c)).

### III.  CASE DISCOVERY HISTORY

The Court's travail with the discovery disputes in this case commenced on October 3, 2006,
when Defendants sought a telephonic conference. Dkt. No. 15, Defs.' Lt.-Mot., dated Oct. 3, 2006.
Departing from our normal practice of asking Plaintiff to provide a response, this Court acted, *sua
sponte*, by issuing a Text Order to give guidance to the parties.  *See* Text Order, dated Oct. 3, 2006.
Cognizant that this is an ERISA case, the Court also knows that the discovery process can be overly
engaged and wrought with abuse.  By Text Orders, dated October 3 and 4, 2006, the Court directed
the parties to meet and confer consistent with the directives of this District Court's Local Rules and
to weigh the impact of two precedents and the Federal Rules upon their conference.[3]  Apparently the

---

whim or by default, but the basis for discovery in these types of cases is premised upon establishing good cause.

[3]  The two precedents mentioned in the first Text Order are *Lockner v. Unum Life Ins. Co. of Am.*, 389 F.3d
at 294-96 and *DeFelice v. Am. Int'l Life Assurance Co. of New York*, 112 F.3d at 61.  The purpose for mentioning these
precedents was to direct the parties' attention to the scope of discovery in ERISA cases.  The second Text Order, dated
October 4, 2006, was meant to direct the parties' attention to Federal Rule of Civil Procedure 33 as to the limitations

Court's directive to meet and confer was either ignored or considered blithely because the parties did not meet and confer before another Letter-Motion was filed with the Court. This time the Letter-Motion was filed by Plaintiff. Dkt. No. 17, Pl.'s Lt.-Mot., dated Oct. 12, 2006. With patience wearing thin, this Court issued another Text Order demanding the parties to identify dates and times when they may be available for a telephonic conference. Dkt. No. 18, Text Order, dated Oct. 12, 2006. Immediately after this demand, the Plaintiff filed a Letter-Brief and a telephonic conference was convened for October 17, 2006. Dkt. No. 19, Pl.'s Lt.-Br., dated Oct. 16, 2006, & Text Notice, dated Oct. 16, 2006.

The telephonic conference was long and contentious. We were addressing Plaintiff's extensive discovery demands and considering only those good cause bases persuasively proffered by Plaintiff.[4] Several rulings were made on the Record: (1) discovery in ERISA cases is limited and discovery in this case will be adjusted accordingly; (2) the scoring sheets would be provided to Plaintiff; (3) the summary plan descriptions to the applicable disability plans, if they exist, would be provided to Plaintiff; (4) demands numbered 1-31, which may actually be interrogatories, would be withdrawn by Plaintiff so that she may review and possibly limit the number of demands; (5) the only depositions, along with their curriculum vitae, that would be permitted would be of the final decision makers. Those decision makers would be composed of Helen Scherer, the vocational specialist, Donna Chillfriller, the ultimate decision maker, Barbara Barry, the in-house nurse, peer review physicians (some of which are non-parties), and the medical director; (6) Defendants agreed to

_____

of the number of interrogatories. It had occurred to us that possibly Plaintiff, who had made ninety-three (93) demands upon Defendants, may have framed them as interrogatories, at least as to the first thirty-one (31) demands.

[4] In our Text Order, dated October 12, 2006, the Court asked the parties to fully identify each and every contested issue, and to the extent the actual discovery demand would be helpful to forward it to the Court. Neither party fully identified the contested matters nor provided Plaintiff's discovery demands.

8

provide responses and documents to demands number 32-85; and (7) all other discovery was deemed either irrelevant or Plaintiff failed to establish good cause for the additional information.  These Rulings were meant to be final, with no exception.[5]  The entire scope of discovery was decided at that juncture.  Upon the conclusion of the telephonic conference, and as a courtesy to the Court, we asked Defendants to provide a proposed order.  *See* Min. Entry, dated Oct. 17, 2006.

Rather than receiving a simple order from Defendants, the Court instead got a list of some of the Rulings mentioned above with Defendants' qualifications, reservations of rights, and preservation of objections.  Dkt. No. 21, Defs.' Lt.-Mot., dated Oct. 18, 2006.  Not to be outdone and unsolicited, Plaintiff responded with a litany of further demands and reservations of rights of her own.  Dkt. No. 22, Pl.'s Lt.-Mot., dated Oct. 20, 2006.  Upon receiving the parties' correspondence, we realized that these parties are incapable of following simple directions and accepting oral Rulings by the Court and therefore, we directed the parties to provide us forthwith Plaintiff's Demands and stated we will resolve the disputes without further input from the parties.  At least to this extent, both parties have now provided the Court with Plaintiff's Demands, of course replete with further arguments.  *See* Dkt. Nos. 23, Defs.' Lt.-Mot., dated Oct. 25, 2006, 24, Pl.'s Lt.-Mot., dated Oct. 25, 2006, with Exs., & 25, Pl.'s Lt.-Mot., dated Oct. 26, 2006.

Before this Court rules on the specific Demands, there are several general observations this

---

[5] There are two ancillary and less than significant issues the Court wishes to address.  Belatedly, Plaintiff raised the issue that Defendants did not confer in good faith before submitting the matter to the Court as required by this District Court's Local Rules.  *See* Dkt. No. 25, Pl.'s Lt.-Mot. at p. 1;  N.D.N.Y.L.R. 7.1(b)(2).  The fact that the Court convened and held telephone conference, notwithstanding the parties' inability to confer, renders this objection moot.  We remind the Plaintiff that it was his Letter Request that triggered the convening of a telephone conference.  *See* Dkt. Nos. 17, Pl.'s Lt.-Mot., dated Oct. 12, 2006, & 18, Text Order, dated Oct. 12, 2006.  Defendants wish to preserve their right to challenge the Combined Discovery Demand as being untimely.  The Combined Discovery Demand was served  before the expiration of the discovery deadline, thus the Demand is timely.  The Court will not recognize any other objection raised by Defendants except privilege.

Court intends on sharing with the parties, each engendering a specific ruling.

Plaintiff's counsel has known for some time prior to serving its Combined Discovery Demand that Defendants Verizon Communications Inc., (Verizon), and Metropolitan Life Insurance Company (MetLife), are united in interest and are represented by the same attorneys, Hodgson Russ. Rather than serving both Defendants with one set of Combined Discovery Demands to be answered on behalf of both Defendants, Plaintiff served the exact same blunderbuss Combined Discovery Demand with ninety-three requests upon both Verizon and MetLife. The only difference between the two sets of Combined Discovery Demands is to whom the Demands are addressed. By serving this exact cumbersome Combined Discovery Demand twice upon Verizon and MetLife's counsel creates a tremendous and unnecessary burden upon their counsel. In light of the fact that discovery in ERISA cases is limited, the service of this Combined Discovery Demand upon parties inextricably united in interest is a terrible abuse of the discovery process. Such duplication of effort to respond to these Combined Demand for Discovery is a vast waste of time and resources. It is as if Plaintiff is using discovery as a bludgeon. Further, Plaintiff cleverly framed the individual demands in such a way as to disguise whether they are interrogatories or demands to produce, compounding the effort to decipher what they are and what is being sought. For this reason, and others, Plaintiff will be precluded from serving any further Discovery Demands in this case.

In complying with the Rulings set forth below, Defendants will not be burdened with providing two sets of responses and two sets of documents. It is the direction of this Court that one set of responses will suffice for both Defendants.

A close inspection of the first thirty-one (31) requests within Plaintiff's Combined Discovery Demand reveals that they are indeed Interrogatories and not Demands to Produce. Interrogatories

are written questions requiring the responding party to provide an answer.  They can come in two forms, identification and contention interrogatories.  Generally speaking, identification interrogatories seek factual information such as the identification of persons or tangible things or documents.  7 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE, § 33.02[2][a] (3d ed. 2006).  Although they are not framed as general questions, the thirty-one requests are nonetheless identification interrogatories. This Court has also identified other requests within this Combined Discovery Demand that can be identified as interrogatories.  Interrogatories are governed by Rule 33(a) which states, in part, that any party, without leave of the court, may serve upon another party twenty-five (25) interrogatories, including discrete subparts.  FED. R. CIV. P. 33(a).  Hence, this Combined Discovery Demand with its more than thirty-one interrogatories violates Rule 33.  During our telephone conference when we discussed the existence of more than twenty-five interrogatories within the Combined Discovery Demand, the Court was willing to give Plaintiff an opportunity to withdraw the first thirty-one requests and consider whittling the requests down to a more reasonable number.  But after receiving Plaintiff's subsequent Letter-Motions (Dkt. Nos. 24 and 25), which come on the heel of this Court's final Rulings on the Record, and on the entire array of discovery in this case, we now withdraw permission extended to Plaintiff and restrict our review to only those set forth in the Combined Demand for Discovery.

After the telephone conference, wherein the Court rendered its comprehensive rulings on the scope of discovery in this case, Plaintiff served yet another Demand for Interrogatories and Demand for Production.  Since this Court is limiting the number of interrogatories to only those in the Combined Discovery Demand, we will not give Plaintiff leave to file any more interrogatories. However, based upon Plaintiff's representation that the Combined Discovery Demand did not seek

information and records as to Plaintiff's claims for retirement benefits as asserted in Counts Four,

Five, and Six of the Amended Complaint, and that this new Demand for Interrogatories seeks

disclosure as to retirement benefits, the Court will consider these new Interrogatories only as they

pertain to retirement benefits.  Dkt. No. 25, Pl.'s Lt.-Mot. at pp. 1-2.  As to the second set of

Demands for Production, the Court will consider them as we decide those within the Combined

Discovery Demand, but Plaintiff will not be allowed to serve any further demands for production.

　　　　A significant portion of the telephone conference was consumed with who will be deposed

and the number of depositions that would be permitted. This Court ruled that depositions and

corresponding discovery would be restricted to those persons who were the primary decision makers

on Plaintiff's disability claim.  We narrowed that field of deponents to the vocational specialist, the

medical director and peer review doctors, the in-house nurse, and the ultimate decision makers.

Names of individuals were mentioned during the hearing, but it now appears that Defendants can

confirm some of the individuals:  Donna Chillfriller, the ultimate decision maker, Helen Scherer, the

medical specialists, Drs. Polsky, Mody and Satlow, the peer review doctors, and Barbara Barry, the

in-house nurse.  The vocational specialist's name has not be provided as of this date.  Other than

these categories of employees, no other deposition will be permitted.

### IV. SPECIFIC DISCOVERY RULINGS

A.  Combined Discovery Demand

　　　　No. 1. -  Defendants shall provide a Response as to those
professionals and decision makers identified above.

　　　　Nos. 2-5. - Denied.

　　　　No. 6. - Defendant shall provide a Response as to those professionals
and decision makers identified above.

Nos. 7-11. - Denied.

No. 12. - Defendant shall provide a Response as to those professionals and decision makers identified above.

Nos. 13-18. - Denied.

No. 19. - Defendant shall provide a Response as to those professionals and decision makers identified above.

Nos. 20-23. - Denied.

No. 24. - Defendant shall provide a Response as to those professionals and decision makers identified above.

Nos. 25-27. - Denied.

No. 28. - Defendant shall provide a Response as to those professionals and decision makers identified above.

Nos. 29-31. - Denied.

Nos. 32-35, 37-40, 47, 50-58, 60-68, 73-76, 79-81, 83, 86, & 87. - Granted, if not already provided.

No. 36. - Granted, only if part of the administrative records.

No. 38. - Granted, however, limited only to the issues in this case.

Nos. 41-42, 46, 69, 82, 84, 85, & 89. - Denied.

Nos. 43-45, 71, & 72. - Granted as to those professionals and decision makers identified above.

Nos. 48, 88. - Denied at this juncture of the litigation.

Nos. 49, 59, & 70. - Granted to the extent of Summary Plan Descriptions, unless Defendants has the applicable policies.

Nos. 77, 78, & 80. - Denied because of vagueness.

Nos. 90 & 91. - The Court will deny this request since the only expert testimony that may possible be given at trial are those professional

listed above and those who have testified on the expert.

Nos. 92 & 93. - Denied because previously requested.

B.  Interrogatories, dated October 18, 2006

As mentioned above, these Interrogatories shall relate solely to the **retirement plan**.

> No. 1 is Granted to the extent it has not been previously provided.
> However, Defendants does not have to describe who possesses the
> file nor certified to their possession.

> Nos. 2 -3 & 6-11 are Granted to the extent they have not been
> previously provided.

> Nos. 4 and 5 are Granted to the extent of Plaintiff's eligibility
> at the time of her retirement of disability.

C.  Request to Produce, dated October 18, 2006

As mentioned above, these Interrogatories shall relate solely to the **retirement plan**.

> Nos. 1-7. - Granted.

> Nos. 8-13. - Denied.

## V.  CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Demands are **GRANTED IN PART** and **DENIED IN PART**
as stated above; and it is further

**ORDERED**, that Plaintiff shall not file any other Demands to Produce or Interrogatories; and
it is further

**ORDERED**, that Defendants shall comply with this Order within thirty (30) days of this
Order.

**IT IS SO ORDERED**.

14

Date:   November 15, 2006
        Albany, New York

_____

RANDOLPH F. TREECE
United States Magistrate Judge